UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                        CRIMINAL ACTION NO. 2:05-00228

**MICHAEL LEE CARR**

SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER

       On December 18, 2012, the United States of America appeared by Monica D. Coleman, Assistant United States Attorney, and the defendant, Michael Lee Carr, appeared in person and by his counsel, Christopher S. Dodrill, for a hearing on the petition on supervised release and amendment thereto submitted by Senior United States Probation Officer Amy Berry-Richmond, the defendant having commenced a five-year term of supervised release in this action on August 6, 2010, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on July 6, 2006.

       The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) that the defendant committed the federal and state crime of simple possession of methamphetamine inasmuch as on August 8, 2012, at which time the defendant gave his consent to members of the West Virginia State Police to search his residence, there was found the defendant's wallet, containing five bags of a substance that field-tested positive for methamphetamine, as evidenced by the defendant's stipulation on the record of the hearing that the government possesses sufficient evidence to prove the violation by a preponderance of the evidence; (2) that the defendant associated with another person convicted of a felony without permission of the probation officer inasmuch as at the time of his arrest as set forth above, he was with another convicted felon who is serving a term of supervised release, the defendant having admitted to then knowing the other person was a convicted felon due to having been incarcerated with him; (3) that the defendant used and possessed methamphetamine as evidenced by a positive urine specimen submitted by him on November 19, 2012, and as admitted by him; (4) that the defendant failed to file monthly reports for the

months of August, September and October 2012, as directed by the probation officer; and (5) that the defendant failed to submit to random urine screens on July 26, September 12, October 9 and November 13, 2012, as directed by the probation officer; all as admitted or stipulated to by the defendant, except as to the possession of the five bags of methamphetamine, and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the

3

defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE MONTHS AND ONE DAY, to be followed by a term of four (4) years less one day of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he reside in a community confinement center for a period of six months and participate to the maximum extent feasible in drug abuse counseling and treatment.

      The defendant was remanded to the custody of the United States Marshal.

      <u>Recommendation</u>:  The court recommends that the defendant be designated to the community confinement center in Lebanon, Virginia.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  December 19, 2012

John T. Copenhaver, Jr.
United States District Judge